## Eva J. Cline, Plaintiff in Error, v. Hugh W. Bunn, Defendant in Error.

APPEALS AND ERRORS—*when finding of court not disturbed.* A finding of fact by the court will not be set aside on review as against the evidence unless clearly and manifestly so.

Assumpsit. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed June 14, 1909.

RAYBURN & BUCK, for plaintiff in error.

BARRY & MORRISSEY, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Eva J. Cline brought suit in the Circuit Court of McLean county against Hugh W. Bunn to recover the amount alleged to be due upon a promissory note. There was a trial had before the court without a jury, which resulted in a judgment, in favor of Bunn and against Cline, for costs. Cline sued out a writ of error.

It appeared from the evidence that Isaac Bunn, who was the father of both the parties to the suit, died owing one Hiser upon a promissory note for the principal sum of $500; that Ruth Ann Bunn, the widow of said Isaac, as executrix of his last will and testament, settled or adjusted the said Hiser claim on the next day after the expiration of the time allowed for presenting claims against the estate by agreeing with her son Hugh W. Bunn that in consideration of said Hugh W. Bunn paying and taking up the Hiser claim, which then, on January 20, 1904, amounted to $542.30, she would surrender and give up to him a note made by him, Hugh W., to her, said Ruth Ann Bunn, on December 4, 1902, for the principal sum of $500, due in two years from its date with interest at 6% which is the note now in dispute.

Defendant in error claims that at the time of the adjustment of the Hiser claim, his mother, after agreeing to surrender and give to him his said note of $500, attempted to find it and after looking among her papers she was unable to find it and further said that it must be in the hands of Eva J., her daughter, plaintiff in error, who then resided in the country a few miles away and that she, the mother, would have the note brought in and surrendered to him. Plaintiff in error contends that the note sued on had never been paid or in any way adjusted by defendant in error;

that there was no consideration for the mother's promise and that as the note was delivered and endorsed to her before maturity she was an innocent holder.

There is some dispute as to the terms of settlement had between the mother, acting as executrix of the last will of Isaac Bunn, her son, Hugh W. Bunn, and one Hester, who represented Hiser in the adjustment of his note at the time when it is claimed by defendant in error that the mother agreed to get and surrender to him the note now sued on, but it is not disputed that in pursuance of the terms of such arrangement or settlement and immediately following such settlement defendant in error paid and took up the Hiser note and that the mother, as executrix, in her report of her doings as such filed shortly thereafter asked credit for having paid the Hiser claim in the sum of $542.30 and in her report stated that said Hugh W. Bunn had in fact paid said sum for her as executrix.

The undisputed facts above referred to so clearly establish the claim of payment by defendant in error of the note sued on at the request of the executrix that we would be unwarranted in reversing the judgment of the trial court upon the assignment of error relating to that subject-matter.

Since the trial court was warranted in finding that the defendant in error paid the Hiser claim, or in some way adjusted it, at the request of the mother, there was ample consideration for her promise to allow defendant in error credit for such payment and to agree, upon her part, to surrender to him the note now sued on.

Whether or not plaintiff in error had notice before she acquired the note, of the claim made by defendant in error that the note had been adjusted by him and that it should be surrendered to him, was purely a question of fact for the trial court to determine upon all the evidence. A consideration of such evidence

does not satisfy us that the holding upon that subject was unwarranted. The note, by its terms, was due on December 4, 1904, and came into possession of plaintiff in error on June 8, 1904, and was endorsed to her by the mother without recourse. Plaintiff in error contended upon the trial and so testified that she had never been notified that the note had been adjusted and was to be surrendered to defendant in error, and defendant in error testified that in March, 1904, nearly three months before plaintiff in error claims she received the note from her mother, he told plaintiff in error not to take the note from their mother as he had paid the same.

The evidence was close upon this question as to whether or not plaintiff in error had notice when she acquired the note, of the claim of payment or settlement made by defendant in error, but we have no doubt that in arriving at its conclusion the trial court was influenced by the fact that at the time of the taking of the note by plaintiff in error from her mother, she had removed to and was living in the home of her mother.

The issue was purely one of fact and one which the trial court, with superior advantages, could, acting as a jury, determine better than we can. We are not disposed to hold that the trial court was in error in finding that the note sued on had been adjusted and that plaintiff in error took the note with knowledge of such facts.

The judgment was right and is affirmed.

*Affirmed.*